UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LOUISE G.,

                    Plaintiff,                        **DECISION AND ORDER**

            v.
                                                      6:22-CV-06493 CDH
COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

_____

### INTRODUCTION

Plaintiff Louise G. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 12; Dkt. 14; Dkt. 15). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

### BACKGROUND

On December 2, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning February 1, 2019. (Dkt. 6 at 35, 156-57).[1] Her

---

[1]    In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

- 1 -

applications were initially denied on February 6, 2020, and upon reconsideration on May 18, 2020. (*Id.* at 35, 160-204). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 206-07), which was held on October 19, 2020, and on May 5, 2021 (*id.* at 54-117).

On September 24, 2021, the ALJ issued an unfavorable decision. (*Id.* at 32-53). Plaintiff sought review from the Appeals Council, which denied her request on September 12, 2022. (*Id.* at 6-12). This action followed.

## LEGAL STANDARD

### I.    Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of

Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.   Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for disability benefits. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record

and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.      The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2023. (Dkt. 6 at 37).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 1, 2019, the alleged onset date. (*Id.*). The ALJ found at step two that Plaintiff had the severe impairments of asthma, hypertension, degenerative disc disease of the thoracic spine, and degenerative disc disease of the lumbar spine. (*Id.* at 38). The ALJ also concluded that Plaintiff had the following non-severe impairments: history of mild mitral regurgitations; mild depressive disorder; and mild anxiety disorder. (*Id.* at 38-39).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 40). At step three, the ALJ specifically discussed the criteria of Listings 1.15, 1.16, and 3.03. (*Id.*).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the additional limitations that Plaintiff:

> can sit for six hours with typical breaks, and stand and walk for four hours, with an opportunity to change position every 45 minutes for up to 5 minutes, remaining at the workstation. She cannot climb a rope, ladder or scaffold. She can occasionally stoop, crouch, climb stairs or ramps, but cannot kneel, and crawl. She can tolerate only occasional exposure to extreme cold, extreme heat, wetness, humidity, and vibrations, and rare exposure to concentrated dust, vapors, gasses and airborne irritants. She can perform simple, unskilled work.

(*Id.*). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id.* at 45).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 45-46). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from February 1, 2019, through the date of the ALJ's decision. (*Id.* at 46).

## II.     The Commissioner's Final Determination is Supported by Substantial Evidence and does not Contain a Reversible Legal Error

Plaintiff argues that remand of this matter is necessary because: (1) the ALJ failed to discharge her duty to develop the record; (2) the ALJ  failed to apply the required regulatory factors in evaluating the medical opinion of consultative

examiner Dr. Harbinder Toor; and (3) the ALJ's RFC finding was not supported by substantial evidence. (Dkt. 12-1 at 8-20). The Court is unpersuaded by these arguments, for the reasons set forth below.

### A.      Duty to Develop the Record

"[T]he ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The ALJ's duty in this regard "arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination[.]" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). However, "the ALJ's affirmative duty to expand the records does not extend *ad infinitum.*" *Cadet v. Colvin*, 121 F. Supp. 3d 317, 320 (W.D.N.Y. 2015) (citation and alterations omitted). "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (quotation omitted).

Here, Plaintiff acknowledges that "[t]he ALJ did make significant efforts to obtain potential treatment records and an updated medical opinion." (Dkt. 12-1 at 8). But she argues that the ALJ nevertheless failed to discharge her duty because she did not obtain a medical source statement from Plaintiff's new "primary care physician from Woodward Center[.]" (*Id.*). However, the Second Circuit has recently noted that "an ALJ is not required to obtain a medical opinion when, as here, such opinion is not part of the records of the claimant's medical source(s)." *Ramos v. Comm'r of Soc. Sec.*, No. 24-2420, 2025 WL 1720393, at *1 (2d Cir. June 20, 2025)

(quotation and alteration omitted). There also was adequate information from which the ALJ was able to make an RFC determination and no obvious gaps in the administrative record. Under these circumstances, the ALJ adequately discharged her duty to develop the record.

### B.    Evaluation of Dr. Toor's Opinion

Plaintiff next argues that the ALJ failed to comply with the Commissioner's regulations in evaluating the opinion of consultative examiner Dr. Harbinder Toor. This argument is unpersuasive.

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). The Commissioner's regulations set forth the following factors that the ALJ considers when assessing the persuasiveness of a medical opinion: (1) supportability, meaning that, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be"; (2) consistency, meaning that, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"; (3) relationship with the claimant, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship

included a physical examination; (4) specialization, meaning that the opinion of a specialist "may be more persuasive about medical issues related to his or her area of specialty" than the opinion of a non-specialist; and (5) "other factors that tend to support or contradict a medical opinion," which includes but is not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability and consistency are the most important factors and must be discussed in the ALJ's decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors. *Id.*

In this case, Dr. Toor examined Plaintiff on January 22, 2020. (Dkt. 6 at 497-500). He opined that Plaintiff had moderate limitations in standing, walking, squatting, bending, lifting, and carrying, and a mild limitation in "sitting a long time." (*Id.* at 499). He further opined that Plaintiff "should avoid irritants or other factors which can precipitate asthma." (*Id.*). The ALJ found Dr. Toor's opinion partially persuasive, explaining that it was supported by and consistent with his examination of Plaintiff and the treatment records. (*Id.* at 44). The ALJ noted, however, that Dr. Toor's statement was "not specific" because he "used the terms moderate and mild" but did not define those terms. (*Id.*). Plaintiff argues that the ALJ failed to comply with the regulations in assessing Dr. Toor's opinion because "the only reason Dr. Toor's opinion was not fully persuasive was due to the lack of specificity of his opinion" and "[t]his is an invalid reason for discounting the persuasiveness of the opinion." (Dkt. 12-1 at 12).

As an initial matter, the Court notes that any error by the ALJ in assessing Dr. Toor's opinion was harmless, because the ALJ adopted an RFC finding that was more restrictive than that identified by Dr. Toor. "Moderate limitations are frequently found to be consistent with an RFC for a full range of light work." *Paula L. v. Comm'r of Soc. Sec.*, No. 20-CV-1224-DB, 2021 WL 3549438, at \*7 (W.D.N.Y. Aug. 11, 2021) (collecting cases); *see also Stacie L.S. v. Comm'r of Soc. Sec.*, No. 5:24-CV-01042 (AMN/ML), 2025 WL 2933283, at \*11 (N.D.N.Y. Sept. 2, 2025), *adopted*, 2025 WL 2751148 (N.D.N.Y. Sept. 29, 2025); *Frederick C. S. v. Comm'r of Soc. Sec.*, No. 1:23-CV-0723 (GTS/TWD), 2024 WL 4278951, at \*11 (N.D.N.Y. Aug. 30, 2024), *adopted*, 2024 WL 4278658 (N.D.N.Y. Sept. 24, 2024); *Candy R. v. Comm'r of Soc. Sec.*, No. 6:23-CV-06608-EAW, 2024 WL 3886221, at \*5 (W.D.N.Y. Aug. 21, 2024). Accordingly, even if the Court were to accept Plaintiff's argument and determine that the ALJ should have fully credited Dr. Toor's opinion, remand would not be warranted. *See, e.g., Christopher Q. v. Comm'r of Soc. Sec.*, No. 1:24-CV-01456 (AJB/DJS), 2026 WL 528787, at \*5 (N.D.N.Y. Feb. 9, 2026) ("The ALJ's determination . . . is more restrictive than the limitations identified in the medical opinions and, if anything, is more favorable to the Plaintiff. Accordingly, any error by the ALJ in this regard is harmless."), *adopted*, 2026 WL 527010 (N.D.N.Y. Feb. 25, 2026).

In any event, the Court finds no reversible error in the ALJ's decision to find Dr. Toor's opinion only partially persuasive and to assess more significant restrictions than those identified by Dr. Toor. An ALJ may consider vagueness in assessing a medical opinion. *See Schillo v. Kijakazi*, 31 F.4th 64, 76 (2d Cir. 2022) (ALJ was "entitled to conclude that [a medical source's] statements were too vague to be of

much help in a concrete assessment of [the plaintiff's] RFC"). Further, the ALJ explained why she included additional restrictions, pointing to documentation of Plaintiff's difficulties in squatting and slight difficulties in getting up from a chair. (Dkt. 6 at 43-44). The ALJ also acknowledged Plaintiff's testimony that she sometimes needs to sit down due to feeling lightheaded and that she requires assistance if she must walk far. (*Id.* at 41). While the ALJ did not fully credit this testimony, she found that Plaintiff's impairments could "reasonably be expected to cause some of [her] alleged symptoms." (*Id.*). The Court is able to discern from the record and the ALJ's decision how he concluded that Plaintiff required postural restrictions beyond those associated with the full range of light work.

Plaintiff also argues that the ALJ should have "recontacted Dr. Toor before rejecting his opinion." (Dkt. 12-1 at 12). But the ALJ did not reject Dr. Toor's opinion. She found it partially persuasive. And even if she had, "[t]he Second Circuit has reaffirmed that an ALJ is free to reject a vague medical source opinion without needing to recontact the source for clarification." *Darci H. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00877 (JGW), 2024 WL 1721333, at *5 (W.D.N.Y. Apr. 22, 2024) (citing *Schillo*, 31 F.4th at 78).

Plaintiff further argues that the ALJ "compounded" her alleged error in not recontacting Dr. Toor when she determined that "that the opinions of the two State agency reviewing physicians, Drs. [A.] Saeed and [J.] Randall, were inconsistent with Dr. Toor's . . . findings[.]" (Dkt. 12-1 at 13-14). Drs. Saeed and Randall each opined that Plaintiff had exertional limitations consistent with the full range of light work. (Dkt. 6 at 123, 143-44). While Plaintiff contends that the ALJ's conclusion that these

opinions were inconsistent with Dr. Toor's findings was "arbitrary" (Dkt. 12-1 at 13), she fails to explain the basis for this assertion. The ALJ reasonably concluded that certain of Dr. Toor's findings were consistent with postural limitations greater than those associated with the full range of light work. The Court does not find that determination arbitrary, but an appropriate exercise of the ALJ's authority to reach an RFC finding that is consistent with the record as a whole.

In sum, Plaintiff has failed to identify any reversible error in the ALJ's assessment of Dr. Toor's opinion.

### C.    Support for the RFC Finding

Plaintiff next argues that the ALJ's RFC finding is not supported by substantial evidence, because she "admittedly did not rely upon a medical opinion and found greater limitations based upon her lay interpretation of the record." (Dkt. 12-1 at 15). This argument is unpersuasive.

"[T]he ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo*, 31 F. 4th at 78. "When no medical provider opines about a specific limitation, . . . an ALJ does not err by giving a claimant 'the benefit of the doubt' and crafting a specific limitation." *Elijas A. v. Comm'r of Soc. Sec.*, No. 24-CV-1008-LJV, 2026 WL 733556, at *3 (W.D.N.Y. Mar. 16, 2026) (quoting *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020)). Here, all the medical opinions of record supported the conclusion that that Plaintiff was capable of a full range of light work, with environmental limitations. The ALJ nevertheless afforded Plaintiff the benefit of the doubt and concluded that additional limitations were warranted. This is not error on

the ALJ's part. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (holding that the ALJ's deviation "from consultative examiners' recommendations to *decrease* [a claimant's] RFC based on other evidence in the record" was not error) (emphasis in original).

Ultimately, it was Plaintiff's burden to prove a more restrictive RFC than found by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). The ALJ reasonably concluded that she had not done so. There is accordingly no basis for the Court to reverse or otherwise disturb the Commissioner's determination in this matter.

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 14) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 12) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:          March 30, 2026
                Rochester, New York